UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY L. DEVIN a/k/a JEFFERY L.
DEVIN,

        Petitioner,

           v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 16-cv-998-JPG

Criminal No 07-cr-40043-JPG-01

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jeffrey L. Devin's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 7).  On July 9, 2007, Devin pled guilty to one count of conspiring to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and one count of possessing equipment, chemicals, products or materials to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).  At the petitioner's sentencing on November 15, 2007, the Court found that the petitioner was a career offender based on one prior conviction for a drug crime (conspiracy to distribute and possess with intent to distribute methamphetamine) and one prior conviction for a crime of violence (aggravated fleeing to elude police).  *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2006).  The Court sentenced the petitioner to serve 280 months in prison.  The petitioner did not appeal his sentence.

On September 2, 2016, the petitioner filed a *pro se* § 2255 motion (Doc. 1).  The Court appointed him counsel, and on November 14, 2016, counsel filed an amended § 2255 motion (Doc. 7).  In the amended motion, the petitioner raises the following claim:

- The petitioner's due process rights were violated by application of the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), to find his prior conviction for

aggravated fleeing to elude police was a "crime of violence" supporting career offender status.   *See United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (*en banc*; holding on direct appeal that application of career offender residual clause was due process violation because it was unconstitutionally vague).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has performed a preliminary review of the amended § 2255 motion and has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.   Accordingly, the Court **ORDERS** the Government to file a response to the petitioner's amended § 2255 motion (Doc. 7) within **SIXTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   The petitioner shall have **THIRTY DAYS** from the filing of the Government's response to file a reply.

**IT IS SO ORDERED.**
**DATED: November 21, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2