UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY L. DEVIN a/k/a JEFFERY L. DEVIN, | |
| Petitioner, | |
| v. | Civil No. 16-cv-998-JPG |
| UNITED STATES OF AMERICA, | Criminal No 07-cr-40043-JPG-01 |
| Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jeffrey L. Devin's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 7). The Government has responded to the amended § 2255 motion (Doc. 9). Following the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the Government filed a supplemental brief discussing the impact of that case (Doc. 11).

In its preliminary review of the amended § 2255 motion, the Court set forth the history of this case:

> On July 9, 2007, Devin pled guilty to one count of conspiring to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and one count of possessing equipment, chemicals, products or materials to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). At the petitioner's sentencing on November 15, 2007, the Court found that the petitioner was a career offender based on one prior conviction for a drug crime (conspiracy to distribute and possess with intent to distribute methamphetamine) and one prior conviction for a crime of violence (aggravated fleeing to elude police). *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2006). The Court sentenced the petitioner to serve 280 months in prison. The petitioner did not appeal his sentence.

Mem. & Ord. at 1 (Doc. 8).

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief

under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In his amended § 2255 motion, the petitioner argues that his due process rights were violated when the Court applied the residual clause of the career offender ("CO") guideline to find his prior conviction for aggravated fleeing to elude police was a "crime of violence" supporting CO status, and thus a higher guideline sentencing range.  The CO guideline states, in pertinent part, that a prior offense is a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  U.S.S.G. § 4B1.2(a)(2) (emphasis added to residual clause).

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional.  *Id.* at 2563.  This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges.  *Id.* at 2557.  In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the CO residual clause to support CO status, thereby increasing the guideline sentencing range, is also unconstitutional.  *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges.  *Beckles*, 2017 WL 855781, at *6.  This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."  *Id.*

*Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief.  There was nothing unconstitutional about the Court's using the CO residual clause to find Devin's prior conviction for aggravated fleeing to elude police was a crime of violence and increasing his guideline sentencing range accordingly.  This is because the Court's guideline range findings did not fix the sentencing range but merely guided the Court's discretion within the fixed statutory sentencing range.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that the petitioner has not made such a showing and, accordingly, declines to issue a certificate of

3

appealability.

For this reason, the Court **DENIES** Devin's amended § 2255 petition (Doc. 7), **DECLINES** to issue a certificate of appealability and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 27, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**